IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

VINCENT CORONA )
)
    Plaintiff, ) No. 14-311

V.

COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for supplemental social security benefits, alleging disability as the result of mental and physical impairments, with a date of onset of April 14, 2009.[1] His claim was denied initially and upon hearing. The Appeals Council denied his request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] An earlier application, filed on June 20, 2007, was denied on April 13, 2009, following a hearing. The Appeals Council denied a request to review that decision, and Plaintiff took no further appeal. Therefore, the time period prior to April 13, 2009, is not presently at issue.

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ improperly failed to consider the December 8, 2009 psychiatric evaluation of Dr. Prathak of Axiom Health Services ("Axiom"), and improperly downplayed Plaintiff's mental health treatment at Axiom. He also suggests that the ALJ erred in his treatment of the opinion of Dr. Groves, a one-time examiner, and GAF scores assigned by Drs. Prathak and Groves.

Dr. Lindsay Groves examined Plaintiff and opined that he suffered from various marked non-exertional impairments. The ALJ determined that Dr. Groves' opinion was based on a

single clinical interview, and was not supported by the record of claimant's counseling sessions, "which are not suggestive of such extreme functional limitations." Accordingly, the ALJ determined that the opinion regarding "marked" limitations was entitled to diminished weight. The counseling sessions referred to are reflected by records of Plaintiff's treatment at Axiom. The records are dated from September 22, 2009, to February 25, 2010, and include Dr. Prathak's evaluation; it appears as though Plaintiff visited Axiom four times. The ALJ noted that Plaintiff had discontinued therapy after attending only a few counseling sessions, and that he "had a brief period of outpatient counseling for signs of depression and anxiety."[2]

An ALJ is not required to specifically address every single statement made by a physician, if it is clear that he reviewed and considered the entire record. Here, it is clear that the ALJ did not ignore the Axiom records, which contain Dr. Prathak's December, 2009 evaluation. The Axiom records reveal mental health diagnoses, but do not note either the severity of those conditions, the efficacy of prescribed medications, or resulting limitations that would permit a conclusion that Plaintiff is unable to engage in "any substantial gainful activity." 20 C.F.R. § 416.905. Records of treatment may be indicative of severe mental impairments – as, indeed, the ALJ found in this case – which are not of a disabling severity.[3] The ALJ made no medical determination, or discounted Dr. Prathak's opinion, when he stated that the records reflected no objective findings of change since the April 13, 2009 ALJ decision; Plaintiff points to no such findings or opinions in Dr. Prathak's progress notes.

---

[2] Another agency psychological consultant, Dr. Arlene Rattan, reviewed the matter in July 2009 and concluded that Plaintiff had no medically determinable health impairments based on a lack of mental health treatment. The ALJ gave that opinion "no weight," because Dr. Rattan did not review subsequent mental health treatment. Accordingly, the opinion does not factor into my discussion today.

[3] I note that despite his brief discussion of Plaintiff's mental impairments, the ALJ arrived at an RFC that appears to accommodate the mental impairments and symptoms that Plaintiff asserts – limitations to simple tasks, simple social interactions, and a low stress environment with only occasional decisionmaking and changes in work setting.

Similarly, the ALJ did not "reject" Dr. Groves' opinion, or disregard her proffer. Dr. Groves offered no explanation for the "marked" limitations found. Moreover, a one-time examiner such as Dr. Groves is not a "treating source" whose opinion is entitled to deference. See 20 C.F.R. § 404.1502. Thus, the ALJ is at liberty to reject the opinion offered by such a provider, so long as he gives a reason for doing so. Zaccaro v. Colvin, 2013 U.S. Dist. LEXIS 91090, at *26 (D.N.J. June 28, 2013). Here, the ALJ provided a legitimate reason for his decision to afford Dr. Groves' opinion diminished weight.

Moreover, as regards the two GAF scores, GAF scores do not directly correlate to disability. Instead, they are medical evidence that informs the ALJ's judgment of disability. Thus, failure to refer to or rely on two GAF scores, even if those scores are similar, is not necessarily error. Rios v. Comm'r of Soc. Sec., 444 Fed. Appx. 532, 534-35 (3d Cir. 2011). This is particularly true if, as here, the mental health provider's report does not relate the score to specific limitations, or explain the basis for the GAF rating. See Gilroy v. Astrue, 351 F. Appx. 714, 715-16 (3d Cir. 2009).

Plaintiff also contends that the ALJ improperly rejected the opinions of Dr. Abbot, a chiropractor. The ALJ correctly stated that a chiropractor is not an acceptable medical source. Instead, such a provider may be considered by the ALJ insofar as it is deemed relevant to assessing disability. Rios v. Barnhart, 57 Fed. Appx. 99 (3d Cir. 2003). The ALJ further noted that Dr. Abbott's opinion was not sufficiently supported in the record. Accordingly, the ALJ was not obligated to give Dr. Abbot's opinion controlling weight. Similarly, Plaintiff argues that the ALJ should not have credited state agency non-examiner Dr. Torio's physical assessment in July, 2009, because Dr. Torio did not review a complete record. Although Plaintiff notes that Dr. Abbott checked the box indicating that there was "no treating source," that check appears to

be erroneous. Dr. Abbot did expressly consider Dr. Park's examination. Moreover, Dr. Torio's opinion was not accorded controlling weight, but was accorded "greater weight" than that of Drs. Abbott and Vogini. The ALJ explained his appropriate reasons for that decision. I find no error in the ALJ's treatment of either Dr. Abbott or Dr. Torio.

Finally, Plaintiff asserts that the ALJ improperly failed to credit his subjective pain complaints. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." Hatton v. Comm'r, 131 F. Appx. 877, 879 (3d Cir. 2005) (citation omitted). The ALJ found that Plaintiff's subjective complaints were not fully supported in the record. The opinion refers to factors listed in SSR 96-7P, and it is clear that the factors were considered. This type of an explanation, under these circumstances, is sufficient. See Harkins v. Comm'r of Soc. Sec., 399 Fed. Appx. 731, 735 (3d Cir. 2010); Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005). I find no error.

## CONCLUSION

The subject ALJ decision treats Plaintiff's mental impairments only briefly, which presents certain difficulties for a reviewing court. A more thorough and detailed analysis would have been preferable. Nonetheless, the record does not support a conclusion that the ALJ's decision was not supported by substantial evidence. A claimant has the burden to produce evidence supporting his disability claim. 20 C.F.R. § 404.1512. In this case, the ALJ did not err in determining that Plaintiff had not done so. An appropriate Order follows.

## ORDER

AND NOW, this 18th day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion [7] is DENIED, and Defendant's [10] GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court